UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JANE DOE (A.C.),

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff hereby sues Defendant and allege as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. The Plaintiff, JANE DOE (A.C.), is a citizen of Ohio.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama with its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

d.  Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 and/or 48.193;

e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f.  Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessels.

5.  Defendant is subject to the jurisdiction of the Courts of this state.

6.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7.  At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Sunshine* (the "vessel").

8.  At all times material hereto, Defendant employed and controlled an employee aboard the vessel whose name is believed to be Collet Madubeko (the "Assailant").

9.  At all times material hereto, the Assailant was a member of the crew aboard the vessel and was acting in the course and scope of his employment.

10. On or about September 29, 2023, the Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

### Subject Incident

11. On or about September 28, 2023, the Plaintiff was on the Lido deck aboard the vessel trying to get a towel from Defendant's crewmembers.

12. The Assailant was the crewmember who was assisting with handing out towels, and after he pretended to not be able to find the Plaintiff in the system to hand her a towel, he asked Plaintiff for her cabin number.

13.  The Assailant also asked the Plaintiff for her WhatsApp number, so that he could message her. Throughout the day, the Assailant messaged the Plaintiff.

14. Later in the evening, on September 28, 2023, the Assailant called the Plaintiff on WhatsApp and asked the Plaintiff to call him from her cabin phone.

15. The Assailant then went to Plaintiff's cabin, and because the Plaintiff did not want to make a scene and/or wake up her daughter, she let him inside with the intention of just talking with him.

16. Once inside the cabin, the Assailant aggressively grabbed Plaintiff's face and tried to kiss her. The Assailant next forcefully used his hands to spread the Plaintiff's legs and penetrated her digitally and orally.  The Assailant then pushed the Plaintiff to the floor where the Assailant proceeded to rape her.  Throughout the foregoing, the Plaintiff continuously tried to get the Assailant to stop, and she repeatedly said "No," to no avail.

17. Thereafter, the Assailant told the Plaintiff to check to see if anyone was in the hallway so that he could leave and return to the crew quarters.

18. As soon as the Assailant left, the Plaintiff went into the hallway, found another crewmember, and reported the incident. The crewmember took the Plaintiff to the Lido deck, called for security, and the Plaintiff was taken down to the onboard medical facility for examination.

**Defendant's Notice**

19. At all times material hereto, Defendant knew or should have known a sexual assault and/or rape was reasonably foreseeable considering the prevalence of sexual assaults aboard Defendant's

vessels.   Pursuant to the Secretary of Transportation's statistical compilation of shipboard incidents, there were a total of 224 sexual assaults reported on Defendant's vessels between 2016 and 2023, with 25 of such assaults committed by crewmembers, such as the case herein.[1]  These shipboard incidents are reported by Defendant directly to the Secretary of Transportation and/or the Federal Bureau of Investigation.

20. At all times material hereto, instances of rapes and/or sexual assault occur aboard vessels owned and operated by Defendant at an alarming rate. Yet Defendant fails to take adequate steps or provide adequate security to prevent such rapes and/or sexual assaults and fails to warn its passengers of the growing epidemic of rape and sexual assault at sea. Defendant's motive for failing to warn its passengers is financial in nature; that is, Defendant willfully chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away. Such willful and outrageous conduct on the part of Defendant exposes it to punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc.*, No. 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla. Aug. 23, 2011).

21. At all times material hereto, Defendant knew or should have known that it was highly probable for passengers to be sexually assaulted and/or raped while aboard Defendant's vessel, considering prior similar incidents occurring on Defendant's vessels. For instance,

a.   On or about September 11, 2022, a passenger (C.C.) was sexually assaulted by a

---

[1] These figures do not represent the actual number of sexual assaults because, pursuant to 46 U.S.C. § 3507(g), cruise lines (including Defendant) are only required to report those instances that occur (a) in the territorial waters of the United States; (b) involve a United States citizen when occurring outside the jurisdiction of any nation; and (c) involve a United States citizen when occurring on a vessel that departed from or will arrive in a United States port. As a result, many incidents of sexual assaults and rapes which have occurred aboard cruise ships are presently unreported to the FBI and/or are not included in the Secretary of Transportation's statistical compilation of shipboard incidents. These figures also include the data from 2020 and 2021, when cruises were largely cancelled due to COVID-19.

crewmember while aboard the Carnival Liberty.

22. Plaintiff is unable to presently determine all of the prior similar incidents which have occurred providing notice to the Defendant, because Defendant regularly resolves cases and requires confidentiality as part of settlements in order to shield the facts and circumstances of prior incidents from publicly available sources. Accordingly, Defendant is orchestrating and is actively involved in concealment of prior incidents which may be substantially similar to the present incident, which may only be determined through discovery in litigation.

## COUNT I – STRICT VICARIOUS LIABILITY FOR RAPE / SEXUAL ASSAULT

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

23. On or about the above date, the Plaintiff was sexually assaulted and/or raped by the Assailant aboard the vessel.

24. At all times material hereto, the Assailant was hired, retained and/or employed by Defendant.

25. At all times material hereto, the Assailant was a member of the crew aboard the vessel owned and/or operated by Defendant.

26. At all times material hereto, Defendant was and is vicariously liable for the tortious actions of its crewmembers/employees, including the Assailant.

27. As a direct and proximate result of the tortious actions of the Assailant, for which Defendant is vicariously liable, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's

injuries, and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

28. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances while Plaintiff was a passenger aboard the vessel.

29. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

30. On or about the above date, the Plaintiff was in and around her cabin aboard the vessel, which are places Plaintiff was invited to by Defendant and places Defendant reasonably expected Plaintiff to be in during the cruise.

31. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a.  Failure to warn passengers of the prevalence and/or dangers of sexual assaults and/or rape aboard Defendant's vessels; and/or

    b.  Failure to warn passengers of the prevalence and/or dangers of being targeted by workers aboard Defendant's vessels; and/or

    c.  Failure to warn passengers of the lack of adequate security aboard the vessel.

32. The above acts and/or omissions caused and/or contributed to the Plaintiff being sexually assaulted and/or raped because Plaintiff would not have gone on the cruise and/or been alone had Defendant and/or its agents, servants, and/or employees adequately warned and/or communicated the foregoing to passengers, including the Plaintiff.

33. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and/or rape and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through the prevalence of sexual assaults aboard Defendant's cruise ships (as alleged in paragraphs 19-22) and/or through prior incidents (including, but not limited to, *Doe v. Carnival Corp.*, Case No. 19-cv-24766-KMW (S.D. Fla. 2019)), which did or should have revealed that a sexual assault and/or rape was reasonably foreseeable.  In addition, Defendant was on notice and/or created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

34. As a direct and proximate result of Defendant's negligence, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT III – NEGLIGENT SECURITY

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

35. At all times material hereto, Defendant voluntarily undertook and/or assumed the duty of security by retaining crewmembers to serve as security officers about the vessel and/or advertising its onboard security.

36. At all times material hereto, it was the duty of Defendant to provide reasonable security and/or implement reasonable security measures aboard the vessel.

37. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances while Plaintiff was a passenger aboard the vessel.

38. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty to the Plaintiff through the following acts and/or omissions:

a. Failure to provide adequate supervision and/or security in public areas aboard the vessel, including, but not limited to, passenger cabins and hallways; and/or

b. Failure to provide adequate supervision and/or security to protect passengers aboard the vessel; and/or

c. Failure to provide adequate supervision and/or security presence aboard the vessel so as to deter sexual assaults aboard the vessel; and/or

d. Failure to provide adequate supervision and/or security presence aboard the vessel so as to prevent passengers from being targeted and/or sexually assaulted aboard the vessel; and/or

e. Failure to adequately supervise individuals working aboard the vessel to ensure they do not target and/or sexually assault passengers; and/or

    f.   Failure to adequately monitor passengers aboard the vessel; and/or

    g.   Failure to protect passengers from sexual assaults aboard the vessel; and/or

    h.   Failure to maintain and/or monitor security cameras on the vessel in order to identify potentially dangerous situations, incidents, and/or individuals; and/or

    i.   Failure to promulgate and/or enforce adequate policies and procedures to provide for the monitoring of public areas aboard the vessel, including, but not limited to, passenger cabins and hallways; and/or

    j.   Failure to promulgate and/or enforce adequate policies and procedures to provide adequate security to prevent passengers from being targeted and/or sexually assaulted aboard the vessel; and/or

    k.   Failure to have adequate security aboard the vessel; and/or

    l.   Failure to adequately train security; and/or

    m.   Failure to adequately supervise security.

39. The above acts and/or omissions caused and/or contributed to the subject incident because, had Defendant provided reasonable security and/or implemented reasonable security measures consistent with the foregoing, the Plaintiff would not have been sexually assaulted and/or raped aboard the vessel.

40. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through the prevalence of sexual assaults aboard Defendant's cruise ships (as alleged in paragraphs 19-22) and/or through prior incidents (including, but not limited to, *Doe v.*

*Carnival Corp.*, Case No. 19-cv-24766-KMW (S.D. Fla. 2019)), which did or should have revealed that a sexual assault and/or rape was reasonably foreseeable.  In addition, Defendant was on notice and/or created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

41. As a direct and proximate result of Defendant's negligence, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

### COUNT IV – GENERAL NEGLIGENCE

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

42. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances while Plaintiff was a passenger aboard the vessel.

43. On or about the above date, Defendant, its agents and/or employees, breached its duty to exercise reasonable care, based on the following acts and/or omissions:

    a.  Failure to provide reasonably safe conditions for the Plaintiff during the voyage aboard the vessel (reasonably safe conditions include, but are not limited to, preventing an

atmosphere wherein persons could target and/or sexually assault and/or rape other passengers); and/or

b. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from committing sexual assaults and/or rape against passengers aboard the vessel; and/or

c. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from targeting passengers; and/or

d. Failure to adequately train individuals working aboard the vessel; and/or

e. Failure to adequately supervise individuals working aboard the vessel; and/or

f. Failure to comply with the requirements under 46 U.S.C. § 3507(b)(1) and (f) of the Cruise Vessel Safety & Security Act; and/or

g. Failure to implement and/or enforce an adequate safety management system.

44. The above acts and/or omissions caused and/or contributed to the subject incident because, the Plaintiff would not have been sexually assaulted and/or raped aboard the vessel but for such acts and/or omissions.

45. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through the prevalence of sexual assaults aboard Defendant's cruise ships (as alleged in paragraphs 19-22) and/or through prior incidents (including, but not limited to, *Doe v. Carnival Corp.*, Case No. 19-cv-24766-KMW (S.D. Fla. 2019)), which did or should have revealed that a sexual assault and/or rape was reasonably foreseeable. In addition, Defendant was

on notice and/or created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

46. As a direct and proximate result of Defendant's negligence, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

Dated: July 18, 2024

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: */s/ Jacqueline Garcell*
    **JACQUELINE GARCELL** (FBN 104358)
    jgarcell@lipcon.com
    **ELIZABETH IRAZABAL** (FBN 1010997)
    eirazabal@lipcon.com